JAMES A. MARISSEN (SBN: 257699)
jmarissen@grsm.com
RACHEL A. WEITZMAN (SBN: 307076)
rweitzman@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 255-6996
Facsimile: (949) 474-2060

Attorneys for Plaintiff
MSC MEDITERRANEAN SHIPPING COMPANY S.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT** |

Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), by counsel, for its Complaint against BNSF RAILWAY COMPANY ("BNSF"), alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action because MSC's claims arise under federal law, and the transportation of the property at issue constitutes transportation in interstate commerce under 49 U.S.C. § 13102(14) and (23), as well as 49 U.S.C. § 13501(1). Thus, this action arises under the Court's federal question jurisdiction (28 U.S.C. § 1331 and 49 U.S.C. § 14706) and/or supplemental jurisdiction (28 U.S.C. § 1367).

2. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, since this case is governed, in whole or in part, by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, formerly 46 U.S.C. § 1300 et seq. ("COGSA"). Alternatively, this case is governed, in part, by the Carmack Amendment to the Interstate Commerce Act 49 U.S.C. § 14706 (the "Carmack Amendment") because it concerns goods lost or damaged by a rail carrier during the interstate shipment of goods.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to MSC's claim occurred in this judicial district. Venue is also proper in this judicial district under 49 U.S.C. § 11706(d)(2) as the movement of the cargo at issue originated in this judicial district.

4. Venue is also proper in this judicial district as BNSF operates, controls, leases, or owns a railroad or a route within this judicial district and therefore resides within this judicial district within the meaning of 28 U.S.C. § 1391(c)(2). Finally, venue is proper in the United States District Court for the Central District of California in accordance with BNSF's Intermodal Rules and Policies, located at https://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf, pursuant to Item 28.6 as the shipment originated in this judicial district.

## PARTIES

5. Plaintiff MSC was and is a foreign corporation organized and existing under the laws of Switzerland with its principal place of business located at 12-14 Chemin Rieu, 1208, Geneva, Switzerland and at all relevant times was and is doing business as an ocean transportation common carrier in the United States.

6. Defendant BNSF was and is a corporation organized and existing under the laws of the state of Delaware, with a main office located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131-2830, and is primarily engaged in the

-2-
COMPLAINT

freight-rail-transportation business as a common carrier of goods by rail for hire, with an agent for service of process in this judicial district.

## FACTS

7. On or about January 19, 2022, MSC, acting as a vessel-owning common carrier, issued MSC Sea Waybill No. MEDUPH104184 ("MSC Bill 1") for the shipment of printers ("Cargo 1") loaded in container nos. FFAU2035293 and MEDU4957349 (respectively "Container 1 and 2") from the Port of Batangas, Philippines to Plainfield, Indiana, via the Port of Los Angeles.

8. Pursuant to MSC Bill 1, MSC undertook to transport (or arrange for transportation of) Container 1, Container 2 and Cargo 1 from the Port of Batangas, Philippines to Plainfield, Indiana, via the Port of Los Angeles. MSC carried the Container 1, Container 2 and Cargo 1 from the Port of Batangas, Philippines to the Port of Los Angeles, and then tendered Container 1, Container 2, and Cargo 1 to its subcontractor, BNSF, for the portion of the shipment from Los Angeles, California to Chicago, Illinois.

9. On or around January 19, 2022, Container 1 and Container 2 departed Batangas, Philippines and arrived in the Port of Los Angeles on or around March 23, 2022.

10. BNSF accepted Container 1, Container 2 and Cargo 1 in Los Angeles, California, and, in consideration of certain agreed freight charges thereupon paid, BNSF agreed to transport and carry said Container 1, Container 2 and Cargo 1 from Los Angeles, California to Chicago, Illinois, there to be delivered in like good order and condition at the BNSF Chicago Rail Ramp.

11. On or around March 24, 2022, Container 1 and Container 2 were loaded onto a BNSF train in the Port of Los Angeles and they arrived at the BNSF Rail Ramp and was unloaded in Chicago, Illinois on April 24, 2022. Whilst in the custody and possession of BNSF, Cargo 1 in Container 1 and Container 2 was pilfered ("Incident 1").

12. On or about January 26, 2022, MSC, acting as a vessel-owning common carrier, issued MSC Sea Waybill No. MEDUPH106148 ("MSC Bill 2") for the shipment of printers and projectors ("Cargo 2") loaded in container nos. BMOU6889371, MSDU8045763, MSMU5414355, and TGBU9654672 (respectively "Containers 3 through 6") from the Port of Batangas, Philippines to Plainfield, Indiana, via the Port of Los Angeles.

13. Pursuant to MSC Bill 2, MSC undertook to transport (or arrange for transportation of) Container 3, Container 4, Container 5, Container 6 and Cargo 2 from the Port of Batangas, Philippines to Plainfield, Indiana, via the Port of Los Angeles. MSC carried Container 3, Container 4, Container 5, Container 6 and Cargo 2 from the Port of Batangas, Philippines to the Port of Los Angeles, and then tendered Container 3, Container 4, Container 5, Container 6 and Cargo 2 to its subcontractor, BNSF, for the portion of the shipment from Los Angeles, California to Chicago, Illinois.

14. On or around January 26, 2022, Container 3, Container 4, Container 5 and Container 6 departed Batangas, Philippines and arrived in the Port of Los Angeles on or around March 23, 2022.

15. BNSF accepted Container 3, Container 4, Container 5, Container 6 and Cargo 2 in Los Angeles, California, and, in consideration of certain agreed freight charges thereupon paid, BNSF agreed to transport and carry Container 3, Container 4, Container 5, Container 6 and Cargo 2 from Los Angeles, California to Chicago, Illinois, there to be delivered in like good order and condition at the BNSF Chicago Rail Ramp.

16. On or around March 24, 2022, Container 3, Container 4, Container 5, and Container 6 were loaded onto a BNSF train in the Port of Los Angeles and they arrived at the BNSF Rail Ramp and was unloaded in Chicago, Illinois on April 24, 2022. Whilst in the custody and possession of BNSF, the Cargo in Container 3, Container 4, Container 5, and Container 6 was pilfered ("Incident 2").

17. Epson America, Inc. ("Epson"), the consignee under MSC Bill 1 and MSC Bill 2 subsequently made a claim for the pilfered Cargo 1 and Cargo 2 to its cargo insurers, Tokio Marine America Insurance Company ("Tokio Marine"), which Tokio Marine paid.

18. On March 20, 2023, Tokio Marine, as subrogee of Epson, filed an action in the United States District Court for the Southern District of New York against MSC (the "Action") for the pilfered Cargo 1 inside the Container 1 and Container 2, and the pilfered Cargo 2 in Container 3, Container 4, Container 5 and Container 6 (the "Claim"). The total damages claimed were US$1,311,228.19, plus interest and costs.

19. As a result of Incident 1 and Incident 2, BNSF failed to make delivery of Cargo 1 and Cargo 2 in like good order and condition.

20. BNSF's failure to deliver Cargo 1 and Cargo 2 and/or failure to deliver the Cargo 1 and Cargo 2 in like good order and condition was in violation of the obligations and duties of common carriers of merchandise by rail for hire, including BNSF's failure to perform services with respect to Container 1, Container 2, Container 3, Container 4, Container 5 and Container 6, as well as Cargo 1 and Cargo 2 in a careful, workmanlike matter; its failure and/or negligence to properly inspect, supervise, and safeguard Container 1, Container 2, Container 3, Container 4, Container 5 and Container 6, as well as Cargo 1 and Cargo 2; and its failure to hire and train employees.

21. Due to BNSF's failure to deliver Cargo 1 and Cargo 2 in like good order and condition, MSC attracted liability under MSC Bill 1 and MSC Bill 2 for Tokio Marine's Claim (as BNSF was MSC's subcontractor for the rail leg of the shipment). MSC resolved Tokio Marine's Claim and the Action for US$975,589.46 and paid that sum on January 19, 2024.

22. In accordance with BNSF's Intermodal Rules and Policies, MSC filed a claim with BNSF for the pilfered Cargo 1 and Cargo 2.

-5-
COMPLAINT

23. BNSF declined MSC's claim related to the pilfered Cargo 1 and Cargo 2 between May 17, 2023 and October 10, 2023.

24. As such, as of the date of this filing, BNSF has failed to pay or otherwise satisfy any portion of MSC's claim.

25. MSC is informed, believes and thereon alleges that the damage sustained to Tokio Marine, which MSC was required to pay in settlement of the Claim and Action, was not based on the acts or omissions of MSC, but was due solely to the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF.

26. Consequently, MSC is entitled to recover damages from BNSF in an amount to be proven at trial (but not less than US$975,589.46) plus interest and costs.

## FIRST CAUSE OF ACTION
## EQUITABLE INDEMNIFICATION

27. MSC incorporates paragraphs 1 - 26 as though fully set forth herein.

28. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Tokio Marine alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Tokio Marine alleged in the Claim and the Action against MSC and which MSC settled.

29. As MSC settled Tokio Marine's Claim and the Action for US$975,589.46, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of MSC, if any, was at most only passive, derivative, and secondary.

30. MSC is entitled to total equitable indemnification from BNSF such that MSC can recoup from and be reimbursed by BNSF all sums that MSC paid to Tokio Marine and/or its other damages.

31. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein, MSC has incurred and paid expenses for its defense of Tokio Marine's Claim and Action including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

32. Based on the foregoing, MSC is entitled to be indemnified and held harmless by BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein. The above expenses are continuing and in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## SECOND CAUSE OF ACTION
## CONTRIBUTION

33. MSC incorporates paragraphs 1 - 32 as though fully set forth herein.

34. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Tokio Marine alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Tokio Marine alleged in the Claim and the Action against MSC, and which MSC settled.

35. As MSC settled Tokio Marine's Claim and the Action for US$975,589.46, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein was a

substantial factor causing the losses or damages which Tokio Marine alleged in the Claim and the Action against MSC, and which MSC settled.

36. Based on the foregoing allegations, MSC will be damaged to the extent that it was required pay any sums over its proportionate share of liability, if any, as the trier of fact may assess.

37. MSC is entitled to contribution from BNSF such that MSC can recoup from and be reimbursed by BNSF all sums that MSC paid to Tokio Marine, being any sum in excess of MSC's proportionate share of liability, if any.

38. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein, MSC has incurred and paid expenses for its defense of Tokio Marine's Claim and Action including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

39. Based on the foregoing, MSC is entitled to contribution from BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein. The above expenses are continuing and in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

40. MSC incorporates paragraphs 1 - 39 as though fully set forth herein.

41. MSC and BNSF entered into a transportation contract, pursuant to which BNSF agreed to transport and deliver Container 1, Container 2, Container 3, Container 4, Container 5, Container 6 as well as Cargo 1 and Cargo 2 in the same good order and condition in which it received them.

-8-
COMPLAINT

42. Relevant aspects of the transportation contract's terms are set forth in BNSF's Intermodal Rules and Policies, which can be found at https://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf.

43. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Tokio Marine alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Tokio Marine alleged in the Claim and the Action against MSC, and which MSC settled.

44. BNSF took possession and control of Container 1, Container 2, Container 3, Container 4, Container 5, Container 6 and Cargo 1 and Cargo 2 in good order and condition in Los Angeles, California.

45. BNSF breached the transportation contract by failing to deliver the Container 1, Container 2, Container 3, Container 4, Container 5, Container 6 and Cargo 1 and Cargo 2 in Chicago, Illinois in the same good order and condition as received.

46. Based on BNSF's breach of the transportation contract, MSC is entitled to damages from BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of BNSF's breach of the transportation contract as described herein in an amount to be proven at trial (but not less than US$975,589.46) plus interest and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** MSC prays for judgment on its Complaint as follows:

1. For equitable indemnity from BNSF for all costs, fees, expenses, liability, damages, and sums including US$975,589.46 in damages MSC paid Tokio Marine, together with legal defense costs, and all costs and fees that MSC incurs or has incurred in this action;

1    2.    For contribution from BNSF for all costs, fees, expenses, liability, damages, and sums including US$975,589.46 in damages MSC paid Tokio Marine, together with legal defense costs, and all costs and fees that MSC incurs or has incurred in this action, in excess of MSC's proportionate share of liability, if any;

3.    For damages from BNSF for breach of contract for all costs, fees, expenses, liability, damages, and sums including US$975,589.46 in damages MSC paid Tokio Marine, together with legal defense costs, and all costs and fees that MSC incurs or has incurred in this action;

4.    For prejudgment interest as permitted by law;

5.    For all costs of suit herein as permitted by law;

6.    For reasonable attorney's fees incurred as permitted by law; and

7.    For such other and further relief as the Court deems just and proper.

Dated:  February 7, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By:  /s/ *James A. Marissen*
James A. Marissen
Rachel A. Weitzman
*Attorneys for Plaintiff*
MSC MEDITERRANEAN SHIPPING COMPANY S.A.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614